UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| FELLAN WHITAKER | CIVIL ACTION NO. 04-2208 |
| VS. | JUDGE ROBERT G. JAMES |
| SAINT GOBAIN CONTAINERS INC. | MAG. JUDGE JAMES D. KIRK |

MEMORANDUM RULING

Pending before the Court are Saint Gobain Containers Inc.'s ("SGCI") Motion in Limine [Doc. No. 30] and Fellan Whitaker's ("Whitaker") Motion in Limine [Doc. No. 36]. For the following reasons, SGCI's Motion in Limine is GRANTED IN PART and DENIED IN PART, and Whitaker's Motion in Limine is GRANTED IN PART and DENIED IN PART.

**I.      SGCI's Motion in Limine**

  **A.      Whitaker's claim of race discrimination**

SGCI seeks to exclude evidence and/or testimony regarding Whitaker's claim of race discrimination. SGCI argues that such evidence is irrelevant and unduly prejudicial because the race discrimination claim was dismissed on summary judgment.

Whitaker argues that evidence SGCI applied its termination and absentee policies more favorably toward other employees, initially offered as evidence of race discrimination, also demonstrates he was terminated in retaliation for complaining of race discrimination.

Departure from an employer's normal termination policies tends to suggest the employer's proffered reason for termination is untrue and was asserted to disguise the true retaliatory motive. *See Bryant v. Compass Group, Inc.*, 413 F.3d 471, 478 (5th Cir. 2005), *cert.*

*denied*, 2006 LEXIS 50 (U.S., Jan. 9, 2006) (citing *Smith v. Wal-Mart Stores*, 891 F.2d 1177, 1180 (5th Cir. 1990)). Whitaker has offered evidence that: 1) SGCI normally called employees who failed to show for work, but did not call him; 2) SGCI normally waived suspensions, but did not waive his suspension; and 3) SGCI reinstated other white employees following similar infractions, but did not reinstate him. The Court finds that this evidence is relevant to whether Whitaker's termination was retaliatory.

Therefore, SGCI's Motion in Limine to exclude evidence regarding Whitaker's claim of race discrimination is DENIED. The Court will instruct the jury not to use such evidence to infer race discrimination.

### B. Reinstatement of Anita Parks and Alicia Spillers

SGCI seeks to exclude testimony regarding its decision to reinstate employees Anita Parks and Alicia Spillers. SGCI argues the evidence is irrelevant because Whitaker did not allege discrimination based on SGCI's failure to reinstate him.

Whitaker argues that evidence that SGCI failed to follow its practice of reinstatement is evidence of a retaliatory motive for terminating him.[1]

---

[1] In Whitaker's Memorandum in Opposition to Defendant's Motion for Summary Judgment he states:

> Alicia Spillers and Anita Parks were both terminated for excessive absences. Yet they were reinstated once it was determined that there were possibly errors in the procedure used to terminate them. The same consideration was not accorded Whitaker. At his termination hearing, his supervisor confirmed that there may have been miscommunication regarding Whitaker's days off, and that he would have called Whitaker had he known of Whitaker's absence. Despite this revelation, Whitaker was fired.

[Doc. No. 16, p. 4].

2

If this evidence is used to show that SGCI had a retaliatory motive in terminating Whitaker, then it is relevant to Whitaker's claim of retaliation. To this extent, SGCI's Motion in Limine is DENIED.

However, if Whitaker intends to use the reinstatements for any other purpose, then he must file a supplemental memorandum no later than November 9, 2006, stating the additional purpose(s) and providing any relevant authority. SGCI's response memorandum will be due November 24, 2006.

### C. Handwritten EEOC affidavits

SGCI seeks to exclude a series of handwritten EEOC affidavits because they are illegible, and, therefore, unduly prejudicial. SGCI also claims the affidavits are hearsay.

Whitaker argues that the validity of the affidavits is based on what they contain or appear to contain, not their legibility.

The Court finds that the affidavits are difficult to read, but are not illegible. Accordingly, the Court will not exclude them as prejudicial. *See AGV Productions, Inc. v. Metro-Goldwyn-Mayer, Inc.*, 115 F.Supp.2d 378, 383 (S.D.N.Y. 2000) (handwritten agreement was allowed in summary judgment consideration, even though it was hard to read, but not illegible).

SGCI has offered no argument or citation to relevant portions of the affidavits that contain hearsay statements. Therefore, if SGCI wishes to exclude these allegedly hearsay statements, they must file a supplemental memorandum no later than November 9, 2006, identifying the allegedly hearsay statements and providing any relevant authority. Whitaker's response memorandum will be due November 24, 2006.

Therefore, SGCI's Motion in Limine to exclude the handwritten EEOC affidavits is

DENIED.

### D. The Louisiana Department of Labor's unemployment decision

SGCI seeks to exclude evidence regarding Whitaker's unemployment benefits. SGCI argues that because the standard and burden of proof for awarding unemployment benefits differs from the retaliation standards under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the unemployment decision is irrelevant and unduly prejudicial.

Whitaker argues that any inconsistent statements made by SGCI in challenging his application for unemployment benefits are relevant to this case.

An unemployment decision determines whether an employee is entitled to benefits, not whether the employer retaliated against the employee in violation of Title VII. *See generally Kelly v. TKY Refractories Co.*, 860 F.2d 1188, 1196 (3rd Cir. 1988). In addition, because the burden of proof in a Title VII claim rests with Whitaker, admitting this evidence may improperly shift the burden to SGCI. Therefore, the Court finds that the unemployment decision, awarding Whitaker unemployment benefits, is irrelevant and inadmissible. To this extent SGCI's Motion in Limine is GRANTED.

Conversely, the Court finds that SGCI statements regarding Whitaker's termination to the Louisiana Department of Labor, to the extent that they are inconsistent with SGCI's later statements, may be relevant and admissible. However, neither party has submitted the unemployment decision, nor identified the statements at issue.

If Whitaker wishes to introduce these allegedly inconsistent statements, he must file a supplemental memorandum no later than November 9, 2006, identifying the allegedly inconsistent statements, explaining the purpose(s) for which they will be used, and providing any

relevant authority. SGCI's response memorandum will be due November 24, 2006.

## II. Plaintiff's Motion in Limine

### A. Whitaker's attendance record, personnel file, and payroll records

Whitaker seeks to exclude all references to "Plaintiff's work activity not pertaining to his termination from employment," but provides no argument to support this general exclusion. Therefore, if Whitaker wishes to exclude all references to his work activity not pertaining to his termination from employment, he must file a supplemental memorandum no later than November 9, 2006, identifying which references he seeks to exclude and providing any relevant authority. SGCI's response memorandum will be due November 24, 2006.

Whitaker also argues that his entire attendance record [Exh. D3], personnel file [Exh. D19], and payroll record [Exh. D20] are irrelevant and unduly copious (approximately one hundred pages) and, therefore, should be excluded from evidence.

#### 1. Attendance record

SGCI argues that a summary of Whitaker's attendance record is relevant because it provides the basis for its termination decision and discounts Whitaker's assertion that his attendance was unproblematic. While Whitaker argues that evidence of his attendance record should be limited to April of 2002, the period preceding his termination, Whitaker has submitted disciplinary records for other employees from 1996 to 2002. SGCI claims that a summary of Whitaker's attendance record during these years demonstrates he had attendance problems and was warned several times before he was terminated.

The Court finds that a summary of Whitaker's attendance record is relevant and not unduly copious (three pages). Therefore, Whitaker's Motion in Limine to exclude Defense

Exhibit 3 is DENIED.

### 2. Personnel file

Defendant stated in its Response in Opposition to Plaintiff's Motion in Limine [Doc. No. 39, p. 5] that the parties would attempt to resolve Plaintiff's objection to the admission of his personnel file and notify the Court if there remains a dispute as to this evidence [Exh. D19]. If a dispute remains, the parties must notify the Court in writing no later than November 9, 2006.

### 3. Payroll record

SGCI argues that Whitaker's payroll record is relevant to calculating any back pay to which Whitaker may be entitled. The Court finds that this information is relevant and not unduly copious (seven pages long). Therefore, Whitaker's Motion in Limine to exclude Defense Exhibit 20 is DENIED.

### B. Cold End Collective Bargaining Agreement

Whitaker seeks to exclude the Cold End Collective Bargaining Agreement (Cold End "CBA") [Exh. D10]. Whitaker argues he did not receive this document during discovery. He also argues that, because he was terminated when he was employed in the hot end of the SGCI plant,[2] the Cold End CBA is irrelevant and unduly copious (approximately one hundred pages).

First, SGCI argues that it was not under an obligation to provide the Cold End CBA during discovery because it was not requested. However, SGCI contends that it identified the Cold End CBA well in advance of trial.

Second, SGCI argues that Whitaker's alleged protected activity occurred when he was

---

[2]The SGCI plant was divided into two parts: the hot end and the cold end, with separate, but similar collective bargaining agreements.

employed in the cold end and thus forms the basis of his retaliation claim. SGCI claims that the difference between the CBAs demonstrates a break in the alleged causal connection between Whitaker's alleged protected activity (governed by the Cold End CBA) and termination (governed by the Hot End CBA).

Third, SGCI argues that, because Whitaker has listed the Hot End CBA as an exhibit [Exh. P28], SGCI should be able to introduce the Cold End CBA.

It appears to the Court that the Cold End CBA is potentially relevant, and the Court finds that the Cold End CBA was identified in a timely manner. However, it is unclear from SGCI's argument how the Cold End CBA is probative of a lack of causal connection, especially since SGCI concedes that the CBAs are very similar in content and length.

Therefore, SGCI must file a supplemental memorandum on this issue no later than November 9, 2006. Whitaker's response memorandum will be due November 24, 2006.

### C. Theo Edden's attendance record

SGCI has withdrawn this item of evidence [Exh. D17]. Therefore, Whitaker's Motion in Limine to exclude Defense Exhibit 17 is DENIED AS MOOT.

### D. Affidavit of Johnny Mayfield

This item of evidence [Exh. D15] is not listed in the joint exhibit list, and SGCI has stated that it plans to use this document for impeachment purposes only. Therefore, Whitaker's Motion in Limine to exclude Defense Exhibit 15 is DENIED AS MOOT.

## III. Conclusion

For the foregoing reasons, SGCI's Motion in Limine [Doc. No. 30] is GRANTED IN PART and DENIED IN PART, and Whitaker's Motion in Limine [Doc. No. 36] is GRANTED IN

PART and DENIED IN PART. The parties are to submit supplemental memoranda consistent with this Ruling by November 9, 2006. All supplemental responses are due November 24, 2006.

MONROE, LOUISIANA, this 30th day of October, 2006.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE